**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                      :
HEBA AWAD, et al.,                    :   CIVIL ACTION NO. 09-1996 (MLC)
                                      :
     Plaintiffs,                      :         O R D E R
                                      :
     v.                               :
                                      :
LORD & TAYLOR, et al.,                :
                                      :
     Defendants.                      :
                                      :
```

**THE PLAINTIFFS** appearing to bring this action to recover damages under state law only (dkt. entry no. 1, Compl.); and the plaintiffs, in response to the defendants' interrogatories, apparently asserting for the first time that they also seek to recover damages under 42 U.S.C. § 1983 (dkt. entry no. 1, Pls. Resp. to Interrogs. at ¶ 22); and the defendants removing the action from state court under 28 U.S.C. § 1331 based on that assertion (dkt. entry no. 1, Rmv. Not. at 2); but the Court noting that the Complaint itself does not assert a claim under federal law; and the plaintiffs failing to give "fair notice of what the . . . claim is and the grounds upon which it rests", Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation omitted); and

**THE COURT** thus intending to order the plaintiffs to inform the Court whether they indeed seek to recover damages pursuant to 42 U.S.C. § 1983; and the Court notifying the parties that if the

plaintiffs advise that they (1) intend to seek to recover damages under 42 U.S.C. § 1983, then the Court will order the plaintiffs to move before the Magistrate Judge for leave to amend the Complaint to allege such a claim, and (2) do not intend to allege such a claim, then the Court will remand the action for lack of subject matter jurisdiction, see 28 U.S.C. § 1447(c); and the Court further notifying the parties that if the plaintiffs fail to respond to this Order, then (1) the Complaint insofar as it may be construed to assert claims under 42 U.S.C. § 1983 will be dismissed with prejudice, and (2) the action will be remanded to state court, see Mackay v. Keenan Mercedes Benz, No. 09-1825, 2009 WL 2371769, at *1 (3d Cir. Aug. 4, 2009) (affirming dismissal of complaint for lack of subject matter jurisdiction, as complaint did not allege defendant violated federal statute or United States Constitution); and for good cause appearing;

**IT IS THEREFORE** on this    9th    day of September, 2009, **ORDERED** that the plaintiffs will inform the Court whether they seek to recover damages pursuant to 42 U.S.C. § 1983 **BY 5 P.M. ON SEPTEMBER 29, 2009;** and

**IT IS FURTHER ORDERED** that if the plaintiffs fail to respond to this Order, then on **WEDNESDAY, SEPTEMBER 30, 2009,** or soon thereafter, then the Court will (1) dismiss the Complaint with prejudice insofar as it may be construed to assert claims under 42 U.S.C. § 1983, and (2) remand the action to state court.

                                              s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge